David A. Graeser of Leonard & Johnson, Sidney, for defendants-appellants.

Patrick A. Sondag of Falk & Norris, Shenandoah, for plaintiff-appellee.

**Matthew Alan THOMPSON, A Minor, by Kenneth L. THOMPSON, His Father and Next Friend, Plaintiff-Appellee,**

v.

**Raymond Lester COLLINS and Hazel Virgene Collins, Defendants-Appellants.**

No. 85–1660.

Court of Appeals of Iowa.

June 4, 1986.

Heard by SNELL, P.J., and HAYDEN and SACKETT, JJ.

SNELL, Presiding Judge.

The marriage of Kenneth and Linda Thompson was dissolved on January 16, 1979. Linda was awarded custody of their minor child, Matthew Alan Thompson, born on July 19, 1978. Kenneth was awarded reasonable visitation and ordered to pay $150 per month child support.

While the dissolution action was pending, Kenneth moved to Colorado. He had no contact with Matthew for seven years thereafter and paid no child support. In September of 1985, Linda died suddenly. Kenneth returned to Iowa for her funeral and hoped to take custody of Matthew at that time. Linda's brother, Dennis Collins, and her parents, Raymond and Hazel Collins, refused to allow Kenneth to take Matthew. Kenneth then filed this habeas corpus action. After a hearing, the trial court granted the petition and directed that Matthew be placed in Kenneth's custody.

On appeal, Raymond and Hazel Collins contend that the trial court erred in finding that it was in Matthew's best interest to reside with his father.

A habeas corpus action involving the custody of a child is reviewable de novo, although we give weight to the trial court's findings. *Hulbert v. Hines,* 178 N.W.2d 354, 361 (Iowa 1970). As in all child custody cases the first and governing

consideration is the best interests of the child. Iowa R.App.P. 14(f)(15).

Iowa Code section 598.41(6) (1985) provides that:

> When the parent awarded custody or physical care of the child cannot act as custodian or caretaker because the parent has died or has been judicially adjudged incompetent, the court shall award custody including physical care of the child to the surviving parent unless the court finds that such an award is not in the child's best interests.

*See also* Iowa Code § 633.559 (1985) (parental preference for guardians of minors). It is well-established that the presumption of parental preference as to child custody is rebuttable because the governing consideration must be the best interest of the child. *McCalester v. Hillcrest Services to Children and Youth*, 232 N.W.2d 1, 2 (Iowa 1975) (right of a parent to a child's care, custody, and control is not absolute); *Hulbert*, 178 N.W.2d at 361; *Painter v. Bannister*, 258 Iowa 1390, 140 N.W.2d 152, 156 *cert. denied* 385 U.S. 949, 87 S.Ct. 317, 17 L.Ed.2d 227 (1966). "The [parent] entitled to the right of custody may deprive himself of the right by abandonment, waiver, agreement, or otherwise. He may lose it through misfortune. He may forfeit the right by such neglect, disregard or misconduct that the welfare and best interests of the child require the care and custody of another." *Joiner v. Knieriem*, 243 Iowa 470, 479, 52 N.W.2d 21, 26 (1952). The non-parents vying for custody have the burden to prove the unsuitability of the parent as a custodian. *In re Marriage of Reschly*, 334 N.W.2d 720, 721 (Iowa 1983). "Courts are not free to take children from parents simply by deciding another home offers more advantages." *Id.* (quoting *In re Burney*, 259 N.W.2d 322, 324 (Iowa 1977)).

In the case at bar, Kenneth visited Matthew once in the hospital shortly after his birth and once again several months later. For the next seven years Kenneth made absolutely no attempt to contact Matthew by telephone, mail, or in person. Kenneth has never contributed financial support on Matthew's behalf. We recognize that within a few months of Linda's death she initiated a telephone conversation between Kenneth and Matthew, and apparently plans were made for the three to meet. Unfortunately, Linda died before this meeting could take place. While Kenneth and Matthew spent some time together following Linda's funeral, this cannot make up for Kenneth's seven-year abrogation of parental responsibilities and disregard for Matthew's welfare. A parent cannot virtually and effectively abandon interest in and support of a child until it is convenient or personally beneficial.

Kenneth claims that he stayed away from Matthew pursuant to Linda's request. We realize that such an arrangement eliminates the risk of antagonistic contact between spouses. However, a parent who acquiesces in or capitulates to his ex-spouse's desire that he have no contact with his child establishes a base order of priority under which his child's well being is of little or no importance. Such an agreement cannot justify estrangement of the noncustodial parent and his child.

The record demonstrates that Matthew has a close relationship with his maternal grandparents. He has resided with them for several extended periods and almost every weekend. Raymond and Hazel Collins are both employed and financially able to provide for Matthew. While both are fifty-eight years old, neither suffers any significant health problems. The Collins own a three-bedroom modern home in Sidney, Iowa. Matt is presently enrolled in first grade in Sidney, and there are numerous neighborhood children for him to play with. Raymond and Hazel evidence a strong affection and concern for Matthew's well-being. Matthew likewise greatly enjoys his grandparents' company. Additionally, because it is appropriate to take into account the desires of the deceased custodial parent, we recognize that Linda's will named her parents as guardian and conservator for Matthew. *See Painter*, 140 N.W.2d at 156; *Finken v. Porter*, 246 Iowa

1345, 1348, 72 N.W.2d 445, 446 (1955) (wishes of deceased mother that her child be cared for by grandparents are entitled to weight and consideration).

Matthew has just suffered a traumatic experience in losing his mother. To uproot him from a familiar, stable environment to place him with a virtual stranger could only be detrimental. We find that a parent who has no contact with his child and provides no child support for seven years has forfeited the benefit of any presumption of parental preference as to child custody.

We hold the best interests of Matthew will be served by awarding his custody to his maternal grandparents, Raymond and Hazel Collins.

**REVERSED; PETITION DISMISSED.**